IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HAYLEE WERNER, *ET AL.*, | CASE NO.  3:20-CV-02081 |
| Plaintiffs, | JUDGE |
| vs. | **DEFENDANT DENVER MATTRESS CO., LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST COMPLAINT** |
| DENVER MATTRESS CO., LLC, *ET AL.*, | |
| Defendants. | |

Now comes Defendant Denver Mattress Co., LLC ("DMC") by and through undersigned counsel and for its Answer to Plaintiffs' Haylee Werner and Adam Werner (collectively "Plaintiffs") Complaint, state as follows:

**FIRST DEFENSE**

1. DMC admits that it manufactures certain products and distributes certain products, including distribution through retail stores located in and around Toledo, Ohio. Further answering, DMC is without information or knowledge sufficient to form a belief as to the truth of whether it manufactured and/or distributed the "subject mattress pad" in question as alleged in Paragraph 1 of Plaintiffs' Complaint.

2. Paragraph 2 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, DMC admits that it sells and distributes certain products into the stream of commerce. Further answering, DMC is without

information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Paragraph 3 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, DMC admits that it manufactures certain products, but is without information or knowledge sufficient to form a belief as to the truth of whether it distributed the product in in question as alleged in Paragraph 3 of Plaintiffs' Complaint. Further answering, DMC denies that it manufactured the product in question.

4. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. Paragraph 6 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, DMC admits that it manufactures certain products, but is without information or knowledge sufficient to form a belief as to the truth of whether it distributed the product in in question as alleged in Paragraph 6 of Plaintiffs' Complaint. Further answering, DMC denies that it manufactured the product in question.

7. DMC restates and reavers Paragraphs 1 through 6 of its Answer as if fully rewritten herein.

8. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. DMC denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. DMC denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. DMC denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. DMC denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. DMC denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. DMC restates and reavers Paragraphs 1 through 22 of its Answer as if fully rewritten herein.

24. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. DMC denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26. DMC denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. DMC restates and reavers Paragraphs 1 through 26 of its Answer as if fully rewritten herein.

28. Paragraph 28 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, DMC admits that it manufactures certain products, but is without information or knowledge sufficient to form a belief as to the truth of whether it distributed the product in in question as alleged in Paragraph 28 of Plaintiffs' Complaint. Further answering, DMC denies that it manufactured the product in question.

29. DMC denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30. DMC denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. DMC denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32. DMC restates and reavers Paragraphs 1 through 31 of its Answer as if fully rewritten herein.

33. Paragraph 33 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, DMC admits that it manufactures certain products, but is without information or knowledge sufficient to form a belief as to the truth of whether it distributed the product in in question as alleged in Paragraph 33 of Plaintiffs' Complaint. Further answering, DMC denies that it manufactured the product in question.

34. Paragraph 34 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, DMC admits that it manufactures

certain products, but is without information or knowledge sufficient to form a belief as to the truth of whether it distributed the product in in question as alleged in Paragraph 34 of Plaintiffs' Complaint. Further answering, DMC denies that it manufactured the product in question.

35. DMC denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. DMC denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. DMC restates and reavers Paragraphs 1 through 37 of its Answer as if fully rewritten herein.

39. Paragraph 39 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, DMC admits that it manufactures certain products, but is without information or knowledge sufficient to form a belief as to the truth of whether it distributed the product in in question as alleged in Paragraph 39 of Plaintiffs' Complaint. Further answering, DMC denies that it manufactured the product in question.

40. DMC denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41. DMC denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42. DMC restates and reavers Paragraphs 1 through 41 of its Answer as if fully rewritten herein.

43. Paragraph 43 of Plaintiffs' Complaint contains a legal conclusion to which no response is required. To the extent a response is required, DMC admits that it manufactures certain products, but is without information or knowledge sufficient to form a belief as to the truth of whether it distributed the product in in question as alleged in Paragraph 43 of Plaintiffs' Complaint. Further answering, DMC denies that it manufactured the product in question.

44. DMC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. DMC denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

46. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

47. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred as there is no ripe claim in this matter.

### FOURTH DEFENSE

48. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred as Plaintiffs have not identified any hazardous material.

### FIFTH DEFENSE

49. DMC affirmatively alleges, in the alternative, that service of process upon DMC was improper as a matter of law.

### SIXTH DEFENSE

50. DMC affirmatively alleges, in the alternative, that service of process upon DMC was insufficient as a matter of law.

### SEVENTH DEFENSE

51. DMC affirmatively alleges, in the alternative, that Plaintiffs have failed to join all necessary parties for a just adjudication of the captioned matter, including those parties who may possess a subrogated interest in this matter.

**EIGHTH DEFENSE**

52. DMC affirmatively alleges, in the alternative, that there is no justiciable controversy in this matter.

**NINTH DEFENSE**

53. DMC affirmatively alleges, in the alternative, that the claims asserted in Plaintiffs' Complaint are barred by the applicable statute of limitations.

**TENTH DEFENSE**

54. DMC affirmatively alleges, in the alternative, that it owed no duty to Plaintiffs as a matter of law.

**ELEVENTH DEFENSE**

55. DMC affirmatively alleges, in the alternative, that any damages allegedly sustained by Plaintiffs are barred in whole or in part by their own comparative negligence.

**TWELFTH DEFENSE**

56. DMC affirmatively alleges, in the alternative, that the claims set forth in Plaintiffs' Complaint are barred under the doctrine of superseding and/or intervening cause.

**THIRTEENTH DEFENSE**

57. DMC affirmatively alleges, in the alternative, that the damages allegedly sustained by Plaintiffs were caused by the acts or omissions of persons and/or entities other than DMC, and over whose conduct DMC had no control, right to control, responsibility, or reason to anticipate.

**FOURTEENTH DEFENSE**

58. DMC affirmatively alleges, in the alternative, that Plaintiffs have failed to mitigate their damages, if any.

**FIFTEENTH DEFENSE**

59. DMC affirmatively alleges, in the alternative, that the claims set forth in Plaintiffs' Complaint are barred by the equitable doctrines of payment, release, and/or laches.

**SIXTEENTH DEFENSE**

60. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of waiver.

**SEVENTEENTH DEFENSE**

61. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of estoppel.

**EIGHTEENTH DEFENSE**

62. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the equitable doctrine of unclean hands.

**NINETEENTH DEFENSE**

63. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred as Plaintiffs assumed the risk, expressly, impliedly, primarily, secondarily, or otherwise incidental to the allegations set forth in Plaintiffs' Complaint.

**TWENTIETH DEFENSE**

64. DMC affirmatively alleges, in the alternative, to the extent payments have been made to the Plaintiffs or on Plaintiffs' behalf for injuries alleged, such payments must be set off against damages awarded herein.

**TWENTY-FIRST DEFENSE**

65. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred by the open and obvious doctrine.

**TWENTY-SECOND DEFENSE**

66. DMC affirmatively alleges, in the alternative, that the product in question did not deviate in any material way from its design specifications, formula, or performance standards or from identical units manufactured to the same design specifications, formula, or performance standards.

**TWENTY-SECOND DEFENSE**

67. DMC affirmatively alleges, in the alternative, that Plaintiffs' Complaint is barred because DMC did not create the hazards complained of and/or did not have actual and/or constructive knowledge of the hazards complained of.

**TWENTY-THIRD DEFENSE**

68. DMC affirmatively alleges, in the alternative, that Plaintiffs' damages, if any, are limited by the provisions of Ohio Revised Code §2315.21, as upheld by *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468 (2007).

**TWENTY-FOURTH DEFENSE**

69. DMC affirmatively alleges, in the alternative, that the injuries and damages claimed by Plaintiffs were not actually and/or proximately caused by DMC.

**TWENTY-FIFTH DEFENSE**

70. DMC affirmatively alleges, in the alternative, that it is entitled to all protections, damage set-offs, limitation of damages, to apportion liability to co-defendants and unnamed parties, and/or apportionment of damages available by statute including, but not limited to, those available under Chapter 23 of the Ohio Revised Code, R.C. §§2323.41, 2323.43, 2307.28, 2307.22, 2307.23, and codified sections of S.B. 120, S.B. 179, and S.B. 281.

**TWENTY-SIXTH DEFENSE**

71. DMC affirmatively alleges, in the alternative, that the product in question not defectively designed or formulated at the time it left DMC's control, or in the alternative, the foreseeable risks associated with its design or formulation did not exceed the benefits associated with its design or formulation.

**TWENTY-SEVENTH DEFENSE**

72. DMC affirmatively alleges, in the alternative, there were no practical or technically feasible alternative designs to the product in question at the time it left DMC's custody which would have prevented the harm caused without substantially impacting the usefulness or intended purpose of the product.

**TWENTY-EIGHTH DEFENSE**

73. DMC affirmatively alleges, in the alternative, that the product in question contained numerous warnings, which if followed, would have prevented Plaintiffs' alleged injuries in this matter.

**TWENTY-NINTH DEFENSE**

74. DMC affirmatively alleges, in the alternative, that the product in question conformed to any and all representations made by DMC, to the extent DMC made any representations.

**THIRTIETH DEFENSE**

75. DMC affirmatively alleges, in the alternative, that Plaintiffs misused the product in question.

**THIRTY-FIRST DEFENSE**

76. DMC affirmatively alleges, in the alternative, that the product in question and the manner in which it is used is an inherently dangerous activity and the harm from which Plaintiffs seek to recover was caused by an inherent characteristic of the product which is a generic aspect and cannot be eliminated without substantially compromising the product's usefulness.

**THIRTY-SECOND DEFENSE**

77. DMC affirmatively alleges, in the alternative, that the product in question conformed with all applicable standards, including but not limited to, OSHA, UL, NFPA, and ANSI.

**THIRTY-THIRD DEFENSE**

78. DMC respectfully reserves the right to amend its Answer to Plaintiff's Complaint to add such additional affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as may be disclosed during the course of discovery in the captioned matter.

WHEREFORE, DMC prays this Court dismiss Plaintiffs' Complaint with prejudice, retain jurisdiction to decide any motion for sanctions that may be filed, and award DMC its costs, fees, attorney's fees and such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        */s/ Nicholas P. Resetar*
        Bradley A. Wright (0047090)
        bwright@ralaw.com
        Nicholas P. Resetar (0086507)
        nresetar@ralaw.com
        Roetzel & Andress, LPA
        222 South Main Street
        Akron, OH  44308
        Telephone:  330.376.2700
        Facsimile:  330.376.4577
        **ATTORNEYS FOR DEFENDANT**
        **DENVER MATTRESS CO., LLC**

## PROOF OF SERVICE

A copy of the foregoing was served on this 16th day of September, 2020 electronically by way of the Clerk's electronic filing system.

*/s/ Nicholas P. Resetar*
Nicholas P. Resetar

15633074 _2 143424.0001